UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

RISING STAR INC.,

Petitioner,

   -against-                                                                            Case No. 23-Civ-778

AMAZON.COM, INC., a Delaware
corporation; AMAZON.COM SERVICES,
LLC, a Delaware limited liability company,

Respondents.

------------------------------------------------------x

### DECISION AND ORDER DENYING MOTION FOR REMAND

McMahon, J.:

      Petitioner Rising Star ("Rising Star") and Respondents Amazon.com, Inc. and Amazon.com Services, LLC (referred to, collectively, as "Amazon") are embroiled in a bitter contract dispute. Rising Star was a third-party vendor on Amazon's online marketplace. Before it could join Amazon's platform to sell its products, Rising Star agreed to be bound by the "Amazon Services Business Solution Agreement" ("Vendor Agreement"). Section 3 of the Vendor Agreement empowers Amazon to deactivate any vendor accounts that it believes have abused Amazon systems or repeatedly violated Amazon policies. Section 2 of the Vendor Agreement also gives Amazon the sole discretion to withhold payment of a vendor's sales proceeds if Amazon determines that the vendor has abused systems or violated policies—in effect creating a liquidated damages clause for breach of the Vendor Agreement.

On July 2, 2021, Amazon notified Rising Star that Rising Star's account had been deactivated because Amazon had determined that Rising Star had manipulated customer reviews of its products, in violation of multiple Amazon policies. While Rising Star appealed Amazon's determination through its internal process, Amazon confirmed that Rising Star's account would remain deactivated. On January 5, 2022, Amazon notified Rising Star that, pursuant to Section 2 of the Vendor Agreement, Amazon would not disburse $1.148 million in Rising Star's sales proceeds.

On April 8, 2022, Rising Star filed a Demand for Arbitration with the American Arbitration Association, seeking the withheld funds and claiming Amazon had, among other claims, breached the Vendor Agreement. (Dkt. No. 11 (Mot. to Remand") ¶ 12). On May 3, 2022, Amazon answered Rising Star's demand and asserted that it was Rising Star that had breached the contract. (Dkt. No. 1-2 ("Final Award") ¶ 15). On September 30, 2022, the Arbitrator entered an award denying all of Rising Star's claims and ordering that Amazon could retain all sales proceeds. (Mot. to Remand ¶ 13).

On December 29, 2022, Rising Star filed its Petition to Vacate the Final Award in the Supreme Court of the State of New York, County of New York, as Index No. 655052/2022 (the "State Action"). *Id.* ¶ 15. Rising Star's asserted bases for seeking to vacate the Award are (1) that the Arbitrator "exceed[ed] [his] power"; (2) "irrational[ity]"; (3) "manifest disregard for the law"; and (4) the Arbitrator's alleged "corruption, fraud, or misconduct." (Pet. to Vacate at 9).

On January 30, 2023, Amazon timely removed the action to this Court. (Dkt. No. 1 ("Notice of Removal")). In its Notice of Removal, Amazon contends that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at ¶¶ 4–5.

On March 22, 2023, Rising Star filed a Motion for Remand, arguing that this court lacks diversity jurisdiction. (Dkt. No. 11).[1] Petitioner asserts that a recent Supreme Court case, *Badgerow v. Walters*, 142 S. Ct. 1310 (2022), curtails this court's diversity jurisdiction over Section 10 petitions, and that diversity jurisdiction does not otherwise exist because there is a lack of diversity between the parties and the amount in controversy does not exceed $75,000. (*Id.* ¶ 18). All of these arguments fail.

First, Petitioner makes a misguided argument that the Supreme Court's recent decision in *Badgerow v. Walters*, 142 S. Ct. 1310 (2022), somehow abrogated this court's power to exercise subject matter jurisdiction over petitions to vacate arbitration awards, even where diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 (Mot. to Remand at 14–17). *Badgerow* does no such thing.

In *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009), the Supreme Court held that, to determine whether subject matter jurisdiction existed for petitions to compel arbitration pursuant to Section 4 of the Federal Arbitration Act ("FAA"), district courts should "'look through' the petition [to compel arbitration] to the 'underlying substantive controversy' between the parties—even though that controversy is not before the court." Subsequently, district courts applied the same "look through" approach to determine whether they had subject matter jurisdiction over petitions to confirm or vacate arbitration awards, pursuant to Sections 9 and 10 of the FAA.

---

[1] Rising Star additionally argues that this court must remand its petition because its claims do not arise under federal law. Mot. to Remand at 12. However, Amazon does not assert that this court has federal question jurisdiction over this case.

In *Badgerow*, the plaintiff commenced an arbitration asserting a claim for unlawful termination under both federal and state law. *Badgerow*, 142 S. Ct. at 1322. After losing in the arbitration, she sued in state court to vacate the judgment. Respondents removed to the district court. Citing *Vaden*, the district court determined it had federal question jurisdiction over the case. On appeal, the Supreme Court concluded that the "look through" rule articulated in *Vaden* could not be applied to Section 9 petitions to confirm or Section 10 petitions to vacate; rather it held that, for Section 9 and Section 10 petitions, subject matter jurisdiction must be apparent on the face of the application. *Id.* at 1314.

*Badgerow* did not eliminate district courts' subject matter jurisdiction over petitions to vacate where an independent jurisdictional basis is apparent from the face of the petition. The Court specifically used diversity jurisdiction as an example of an independent jurisdictional basis that *would* be obvious on the face of a petition brought under Section 9 or Section 10, *Id.* at 1316, and assumed in its opinion that district courts would continue to exercise diversity jurisdiction over Section 9 and Section 10 petitions if the requirements for § 1332 diversity are met. *Id.* at 1321. The Second Circuit has not suggested that it understands *Badgerow* as having limited the power of district courts to exercise diversity jurisdiction over Section 9 and Section 10 petitions as long as diversity jurisdiction is apparent from the petition to vacate. *Bissonnette v. LePage Bakeries Park St., LLC*, 49 F.4th 655, 666 (2d Cir. 2022) (J. Jacobs, concurring).

So the question is whether § 1332 diversity is apparent from the face of the petition to vacate the award.

Petitioner avers that the parties are not diverse because "Both the Petitioner and Respondents are US companies-domestic entities." (Mot. to Remand ¶ 23). However, as

4

any first year law student should know, diversity exists in any civil action between citizens of different states or any action between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332. "A corporation is a citizen of both the State or foreign state where it is incorporated and of the State or foreign state where it has its principal state of business …." *Calderon v. Carmona*, 2022 WL 2307674, at *4 (S.D.N.Y. June 27, 2022). "[F]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citations omitted).

Petitioner effectively concedes diversity on the face of the Petition because it pleads facts showing complete diversity. Petitioner is a corporation formed under the laws of California with its principal place of business in China. (Pet. to Vacate at 1, 13). Respondent Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. (*Id.* at 1). Respondent Amazon.com Services, LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington. (*Id.*). The sole member of Amazon.com Services, LLC is Amazon.com Sales, Inc., which is a Delaware corporation having its principal place of business in the State of Washington (and which is wholly owned by co-Respondent Amazon.com, Inc.). (Notice of Removal ¶ 9).

Complete diversity exists.

Petitioner also contends that this court cannot exercise diversity jurisdiction over its petition because the amount in controversy does not exceed $75,000. This argument requires a more nuanced response.

The Second Circuit has not adopted a particular approach for determining the amount in controversy in proceedings to confirm or vacate arbitration awards. *Nakakuki v. Bello*, 2020 WL 1529441, at *2 (S.D.N.Y. Mar. 31, 2020) Courts in this Circuit have historically applied two approaches: the "demand" approach and the "award" approach. *Erdheim v. Harris*, 2019 WL 3219385, at *2 (S.D.N.Y. July 17, 2019). Under the "demand" approach, a court "construes the amount a party demanded in the underlying arbitration as the amount in controversy." *Legacy Agency, Inc. v. Scoffield*, 559 F. Supp. 3d 195, 204–05 (S.D.N.Y. 2021). Under the "award" approach, a court "construes the amount awarded as the amount in controversy." *Id.* Petitioner argues that, after *Badgerow*, this court may only apply the "award" approach, (Mot. to Remand at 13–14), and at least some of my colleagues have declined to apply the "demand" approach because they believe it uses the same "look through" logic that the Court held impermissible in *Badgerow*. *See Conmed Corp. v. First Choice Prosthetic & Orthopedic Serv., Inc.*, 2023 WL 157957, at *7 (N.D.N.Y. Jan. 11, 2023); *Mitchell v. Frattini*, 2022 WL 17157027, at *3 (S.D.N.Y. Nov. 22, 2022). Respondents disagree and they urge this court to apply the "demand" approach.[2]

Under either approach, this court has jurisdiction.

---

[2] Respondents additionally argue that this court should consider the amount in controversy met because, alongside vacatur, Rising Star also asks this court to reach the merits of its underlying claims, rule in its favor, and order Amazon to release the sales. (Pet. to Vacate at 10 ¶ 33). However, filings in an FAA proceeding can "can only be made and heard in the manner provided by law for the making and hearing of motions." *ISC Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 112 (2d Cir. 2012). It is procedurally improper for petitioner to attach its claims to its petition for vacatur, so the amount sought in Rising Star's claims cannot independently satisfy the amount in controversy requirement. *Mitchell v. Frattini*, 2022 WL 17157027, at *3 (S.D.N.Y. Nov. 22, 2022).

This court certainly has diversity jurisdiction over the petition if I use the "demand approach" to the amount in controversy requirement. Rising Star pleads in its arbitration demand to the AAA that Rising Star is entitled to relief and remittance of over $1 million in sales proceeds from Amazon, a sum that indisputably exceeds $75,000. (Dkt. 1-3 ¶ 47).

But this petition also satisfies the amount in controversy requirement based on the "award approach."

Where an arbitrator finds a respondent not liable and awards $0 to the petitioner, a petitioner seeking to vacate the award (or a respondent seeking to confirm the award) does not satisfy the amount in controversy requirement under the "award approach." This effectively precludes petitioning a federal court for relief. *See* FED. PRAC. & PROC. JURIS. § 3569 (3d ed.); *see also Sierra v. Bally Total Fitness Corp.*, 2007 WL 1028937, at *3 (E.D.N.Y. Mar. 30, 2007).

However, Rising Star is mistaken that the arbitrator in this case issued a "$0" award in the arbitration. In its Demand for Arbitration, Rising Star asserted claims for breach of contract and the implied covenant of good faith and fair dealing, conversion, and violation of bailment, and sought disbursal of the $1.148MM. (Dkt. 1-2 at 51). Amazon not only denied liability, it asserted that Rising Star had "breached the [Vendor Agreement] by engaging in reviews abuse . . . in violation of Amazon policy to which [Rising Star] agreed to adhere, by failing to provide accurate information about Rising Star, and by failing to complete successfully an in-person identity verification interview . . . ," and claimed that, pursuant to the Vendor Agreement, it was entitled to keep the $1.148MM. (*Id.* at 54). In its final decision, the arbitrator found that it was Rising Star that had violated various provisions of the Vendor Agreement and that Section 2 of the Vendor Agreement was an

enforceable liquidated damages clause. (*Id.* at 70–72). The arbitrator further held that Rising Star's claim for conversion failed because Rising Star's "acknowledged violation of Amazon policies and [] failure to provide 'at all times accurate and complete' information . . ." (i.e., breach of the Vendor Agreement) entitled Amazon to retain Rising Star's sales proceeds pursuant to Section 2 of the Vendor Agreement. (*Id.* at 72–73).

Petitioner interprets the arbitrator's decision as meaning the arbitrator found no liability and made an award of "$0." But there was a finding of liability and an award—the arbitrator held that Rising Star had breached the Vendor Agreement, and so Amazon was entitled to the full value of damages contemplated by the liquidated damages clause (the $1.148MM in sales proceeds withheld by Amazon). It matters not that Amazon, engaging in "self-help," had already retained the sales proceeds; the Arbitrator's holding that Amazon could retain the withheld funds is effectively an award to Amazon in the amount of $1.148MM. Rising Star so alleges in its own Petition to Vacate, which states that the Final Arbitration Award "allowed Amazon to retain over 1.1 million dollars of Petitioner's entire sales proceeds." (Pet. to Vacate at 8 ¶ 22, 10 ¶ 32). Thus, under the award approach, the amount awarded by the arbitrator (to Amazon) was approximately $1.148MM, which exceeds $75,000.

Since this court has diversity jurisdiction over Rising Star's petition, its motion for remand is DENIED.

The clerk is respectfully directed to close the motion at Docket No. 11 and to remove it from the court's list of open motions.

Dated: May 23, 2023

_____
U.S.D.J.

BY ECF TO ALL COUNSEL