UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

US RISING STAR INC.,

      Petitioner,

  -against-

AMAZON.COM SERVICES, LLC,
AMAZON.COM, INC.,

      Respondents.

_____x

23 civ 778 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10 18 2023

### DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE AWARD AND GRANTING RESPONDENTS' MOTION TO CONFIRM AWARD

McMahon, J.:

This is yet another in a seemingly endless series of cases involving efforts by Amazon e-sellers to avoid or overturn arbitration awards entered against them, on the ground that a provision of Amazon's Business Solutions Agreement ("BSA")—and the award entered pursuant thereto—is void as a penalty clause prohibited by the governing law of the State of Washington.

The Court is faced with cross motions (1) to vacate the award on the ground that it was entered in manifest disregard of the law, and (2) to confirm the award.

The motion to vacate is denied and the motion to confirm the award is granted.

**Facts Pertinent to the Cross Motions**

Petitioner is a corporation formed under the laws of the State of California; it allegedly operates exclusively in China. Dkt. 26, at 5; Dkt. 28, at 2. It operated as a third-party seller in the Amazon online store until July 2, 2021, when Amazon terminated its account. Dkt. 28, at 2.

The ground for termination was Amazon's belief that Rising Star was manipulating customer reviews of its products, which violates Amazon's transparency policies. Dkt. 28, at 2. Having formed this belief, Amazon blocked Rising Star's account on April 28, 2021. In a subsequent appeal to Amazon, Rising Star admitted that it had manipulated customer feedback connected with its site by offering compensation in exchange for positive reviews. *Id.* at 4–5.

In conformity with its policies, Amazon demanded that Rising Star complete a virtual in-person identity verification interview to confirm the identity of the account holder/operator of the site. The individual who participated in the verification interview was not aware of basic account details. *Id.* at 5. As a result, Amazon concluded that the account "ha[d] been used to engage in deceptive, fraudulent, or illegal activity" and closed it. *Id.*

Pursuant to the liquidated damages clause in Section 2 of the BSA, this finding entitled Amazon to, in its sole discretion, "permanently withhold any payment [due] to you." BSA § 2. Upon final termination of its account, Amazon withheld the last two weeks of Rising Star's sales revenue its sales on Amazon—an amount totaling $1,148,000. Dkt. 28, at 5.

All disputes arising or relating in any way to the BSA are to be resolved by a binding arbitration conducted under the commercial rules of the American Arbitration Association ("AAA"). BSA § 18. Rising Star filed a demand for arbitration with the AAA on or about April 8, 2022. Dkt. 28, at 5. It asserted three claims against Amazon: breach of contract, including the

2

implied covenant of good faith and fair dealing; conversion, and violation of bailment. Dkt. 29, Ex. E; Dkt. 28, at 5–6. Rising Star also alleged that the BSA, with its arbitration clause, was procedurally unconscionable and that Section 2 was substantively unconscionable under Washington law. Dkt. 29, Ex. E ¶ 34; Dkt 28, at 6.

On September 30, 2022, the arbitrator issued his Award. Dkt. 28, at 7; Dkt. 29, Ex. A. In a 25-page decision, he addressed Rising Star's procedural and substantive unconscionability arguments and denied its claims for breach of contract/violation of implied covenant. Dkt. 29, Ex. A ¶ 42-61; Dkt. 28, at 7–9. The arbitrator then went on to address Rising Star's argument that Section 2 of the BSA constituted an unenforceable penalty clause as opposed to a liquidated damages clause. Dkt 29, Ex. A ¶ 62; Dkt. 28, at 10. He rejected Rising Star's argument and permitted Amazon to retain the amount it had withheld pursuant to Section 2. Dkt. 29, Ex. A ¶ 66–71.

Rising Star then filed a petition to vacate the arbitration award in the New York State Supreme Court. Dkt. 28, at 11. That action was removed to this Court on the basis of diversity; the Court denied a motion to remand. *Rising Star Inc. v. Amazing.com Inc.*, No. 23-CV-778, 2023 WL 3597617, at \*1, \*4 (S.D.N.Y. May, 23, 2023).

In support of its petition, Rising Star argues that the award is "completely irrational" and was rendered in "manifest disregard of the law" -- most particularly in that Section 2 of the BSA violates the public policy of the State of Washington. Dkt. 26, at 6, 13–14. To support this argument Rising Star submitted to the court three awards in other arbitrations commenced by its counsel against Amazon, in which the arbitrator granted relief to the claimants on public policy grounds. Dkt. 26, Ex. *Amazon Seller Himalaya v. Amazon Final Award*, Ex. *Amazon Seller Sanyixiang v. Amazon Final Award*, Ex. *Amazon Seller Haipa v. Amazon Final Award*.

**The motion to vacate the arbitration award is denied
and the cross-motion to confirm the award is granted.**

The Federal Arbitration Act ("FAA") specifies exactly four grounds for vacating an arbitration award: "the award was procured by corruption, fraud, or undue means"; the arbitrators showed "evident partiality or corruption"; "the arbitrators were guilty of misconduct"; or "the arbitrators exceeded their powers . . . ." 9 U.S.C. § 10(a). The United States Supreme Court has ruled that a district court must confirm an arbitration award unless the party seeking vacatur establishes one of those four limited exceptions. *Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 582. (2008).

Petitioner does not argue corruption, fraud, undue means, evident partiality or misconduct. Nor does it argue that the arbitrators exceeded their powers. And Petitioner's effort to have the award vacated as "completely irrational" does not work, because neither the FAA nor the Supreme Court nor the Second Circuit recognizes this as a ground for vacatur. *Porzig v. Dresdner, Kleinwort, Benson N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007).[1]

It would, therefore, seem that there is no basis for the Court even to consider Petitioner's motion.

However, the Second Circuit has placed what is sometimes called a "judicial gloss" on the four statutorily prescribed grounds, by authorizing the vacatur of an award if it was rendered in "manifest disregard of the law." *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011); *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021).[2] But this is an

---

[1] To the extent Petitioner relies on New York State law to buttress its argument that the award should be vacated, its reliance is misplaced.

[2] The only way this makes any sense is to conclude that an arbitrator who acts in manifest disregard of the law exceeds his powers. This court has long questioned whether the Supreme Court would, if expressly confronted with the issue, countenance the Second Circuit's "manifest disregard" rule, but I follow it here because I sit in the Second Circuit.

4

exceedingly narrow exception, and it does not encompass legal error. In fact, it is quite clear that the fact that an arbitrator got the law wrong does not mean that he "manifestly disregarded" it. *See Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004). Errors of law by the arbitrator—even serious ones—simply do not justify vacatur of an award. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). ).

Rather, "Vacatur for manifest disregard of a commercial contract is appropriate only if the arbitral award contradicts an express and unambiguous term of the contract or . . . so far departs from the terms of the agreement that it is not even arguably derived" therefrom. *Westerbeke Corp. v. Daihatsu Motor Co.,* 304 F.3d 200, 222 (2d Cir. 2010). Here, Petitioner makes no showing that the award rendered against it contradicts an express term of the Parties' contract—nor could it, as the arbitrator, after engaging in reasoned analysis, specifically enforced Amazon's rights under Section 2 of the BSA and explained why he was doing so. Dkt 29, Ex. A ¶ 62. The award is, therefore, grounded firmly in the language of the contract; it does anything but "so far depart" from the BSA's terms as to justify vacatur.

In an effort to evade the obvious, Petitioner argues that the Arbitrator's conclusion that Section 2 of the BSA is reasonable and enforceable "manifestly disregards" Washington's law of contracts—specifically, the law that renders penalty clauses as against public policy. Dkt. 26, at 5, 10, 18. However, Petitioner can credibly argue neither that the arbitrator ignored the law that Rising Star believed was relevant, nor that he failed to address its argument that Section 2 of the BSA was an unenforceable penalty clause under Washington State law. In the Award, the arbitrator included an extended discussion of why the arbitrator concluded that the clause was a valid and enforceable liquidated damages clause, not an improper penalty clause. Dkt. 29, Ex. A ¶ 62. Indeed, the relevant portion of the award is headed "Improper Liquidated Damages or Penalty

Clause Claim," and ends with the following statement: "Given all the circumstances, Claimant has failed to establish that Section 2 of the BSA was either an unenforceable liquidated damages clause or an improper penalty clause." Dkt. 29, Ex. A ¶ 62.

So Petitioner's argument boils down to an assertion that the arbitrator, in deciding that Section 2 was an enforceable liquidated damages clause and not an improper penalty clause, got the law wrong. Even if Petitioner were correct (and that is an issue I have no business addressing), that error would not justify vacatur of the award. *Wallace*, 378 F.3d at 190. One of the downsides of arbitration is that the arbitrator can make a mistake of law -- or even conclude that some relevant principle of law ought not apply in the circumstances -- and the losing party has no redress, by way of either appeal or judicial review. As my colleague The Hon. Gregory Woods recently held in *Shenzhen Lanteng Cyber Tech. Co., Ltd. v. Amazon.com Servs.*—yet another of these Amazon/seller disputes involving Amazon's self-help remedies under Section 2 of the BSA— district courts faced with confirming or vacating an arbitral award are not free to set the award aside because the arbitrator made an error of law, unless the record clearly shows that he knew of a relevant principle of law and ignored it altogether. *Shenzhen Lanteng Cyber Tech. Co., Ltd. v. Amazon.com Servs.*, No. 23-CV-991-GHW, 2023 WL 6276691, at *7–8 (S.D.N.Y. Sept. 26, 2023). No such argument can possibly be made on this record, because the text of the award establishes that the arbitrator considered Petitioner's penalty clause argument—as well as its argument that Section 2 was both substantively and procedurally unconscionable – and rejected those arguments. That does not mean that he manifestly disregarded the law; it just means that he disagreed with the Petitioner's position.

6

Petitioner tries to buttress its argument by pointing to decisions from three other arbitrators, who reached different conclusions about the validity of Section 2 of the BSA than the arbitrator did in this case. Dkt. 26, Ex. *Amazon Seller Himalaya v. Amazon Final Award*, Ex. *Amazon Seller Sanyixiang v. Amazon Final Award*, Ex. *Amazon Seller Haipa v. Amazon Final Award*. But another downside to arbitration is that different arbitrators can reach different conclusions about the same issue, and as long as there is "any colorable justification" for their decisions, there is absolutely nothing any party can do to reconcile the results. *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 218 (2d Cir. 2002) (quoting *Fahnestock & Co. v. Waltman*, 935 F.2d 512, 516 (2d Cir. 1991); *see Shenzhen Lanteng Cyber Tech. Co., Ltd.*, 2023 WL 6276691, at *7. What happened in other arbitrations is of absolutely no moment.

The arbitrator in this case addressed Petitioner's arguments and gave a colorable justification for the result he reached. Whether it is the same result that a court of law would reach does not concern us. Because the award is justified, that is the end of the matter.

There is simply no basis for this Court to do anything other than confirm the award.[3] And so I do.

The motion to vacate the award is DENIED. The motion to confirm the award is GRANTED.

The Clerk of Court is directed to remove the motions at Dockets ## 25 and 27 from the list of open motions; to enter judgment in favor of the Respondents confirming the arbitration award and dismissing the petitioner; and to close the case.

This constitutes a written opinion.

---

[3] Petitioner has made no showing that it would violate the public policy of the State of New York to confirm the award.

Dated: October 17, 2023

U.S.D.J.

BY ECF TO ALL COUNSEL